**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Arthur DOMINGUEZ, Jr., Defendant—**
**Appellant.**

**No. 07–10080.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

Jesse Figueroa, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas E. Higgins, Jr., Esq., Law Offices of Thomas E. Higgins Jr., Tucson, AZ, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Arthur Dominguez, Jr. appeals from the 110–month sentence imposed following his guilty-plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Dominguez contends that the district court erred in applying a four-level upward adjustment under U.S.S.G. § 2K2.1(b)(6) because the pre-sentence report was insufficient to establish that he "possessed" a firearm in connection with another felony offense and that the district court should have applied a clear and convincing evidentiary standard in determining whether the adjustment applied. We disagree. We conclude that the relevant statements in the pre-sentence report bore a sufficient indicia of reliability, *see United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir. 1998), and the district court did not err in applying a preponderance of the evidence standard. *See United States v. Riley,* 335 F.3d 919, 925–26 (9th Cir.2003). Accordingly, we conclude there was sufficient evidence to demonstrate that Dominguez "possessed" a firearm in connection with felonious conduct. *See United States v. Polanco,* 93 F.3d 555, 566–67 (9th Cir. 1996).

Dominguez further contends that his sentence is unreasonable because the district court failed to consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a). We disagree. The district court properly analyzed the § 3553 factors, and we conclude that Dominguez's sentence is not unreasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**